The Honorable James L. Robart
Noted for Consideration: June 12, 2006
Oral Argument Requested

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREG KIRKPATRICK, ELIJAH CLARK and ROBERT MILLER, JR., on behalf of themselves and all others similarly situated,

                Plaintiffs,

v.

IRONWOOD COMMUNICATIONS, INC., a Nevada corporation,

                Defendant.

NO. 05-01428 JLR

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF CONTENTS**

**Page No.**

I.  INTRODUCTION ................................................................................................. 1

II. FACTUAL STATEMENT .................................................................................... 2

    A.  Ironwood Engages in a Common Course of Unfair and Deceptive Wage and Hour Abuse ............................................................................ 2

    B.  Ironwood Engages in Deceptive Pay Practices ............................................. 3

    C.  Ironwood Recruits Employees from Washington's General Labor Market ............................................................................................... 4

III. AUTHORITY ....................................................................................................... 4

    A.  Standard of Review ....................................................................................... 4

    B.  Ironwood's Common Course of Wage Abuse Violates the Washington State Consumer Protection Act ..................................................................... 5

        1.  Ironwood's Wage Abuse Scheme Is Not Exempt from the CPA ........ 5

        2.  Defendants Have Failed to Establish That Plaintiffs' CPA Claims Should be Dismissed as a Matter of Law ............................... 6

            a.  Material Issues of Fact Exist Regarding Whether Ironwood's Acts and Practices are Unfair or Deceptive .......... 6

            b.  Material Issues of Fact Exist Regarding Whether Ironwood's Wage and Hour Practices Impact the Public Interest ............................................................................... 8

IV  CONCLUSION .................................................................................................. 11

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - i
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**TABLE OF AUTHORITIES**

**Page No.**

**FEDERAL CASES**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ............................................................. 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................... 4

*Jones v. Union Pac. Ry. Co.*, 968 F.2d 937 (9th Cir. 1992) ................................................. 5

*Henry v. Gill Indus., Inc.*, 983 F.2d 943 (9th Cir. 1993) ...................................................... 4

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099
  (9th Cir. 2000) ............................................................................................................. 4, 5

*Segal Co. v. Amazon.com*, 280 F. Supp. 2d 1229 (W.D. Wa. 2003) ...................... 7, 8, 10, 11

*Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,
  United Bhd. of Carpenters and Joiners of Am.*, 680 F.2d 594 (9th Cir. 1982) .................... 5

*United States v. $69,292.00 in U.S. Currency*, 62 F.3d 1161 (9th Cir. 1995) ........................ 5

**STATE CASES**

*Barnett v. Wal-Mart Stores, Inc.*, King County Superior Court Cause
  No. 01-2-24553-8 (Wash. Nov. 29, 2004) ................................................................... 6, 11

*Bruce v. Northwest Metal Prods. Co.*, 79 Wn. App. 505, 903 P.2d 506 (1995) ................. 5, 6

*Edmonds v. John L. Scott Real Estate*, Inc., 87 Wn. App. 834, 942 P.2d 1072 (1997) ......... 10

*Ernst Home Ctr., Inc. v. United Food and Comm. Workers Int'l Union*, AFL-CIO,
  Local 1001, 77 Wn. App. 33, 888 P.2d 1196 (1995) ....................................................... 5

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778,
  719 P.2d 531 (1986) ............................................................................................. *passim*

*Holiday Resort Community Assoc. v. Echo Lake Assoc., LLC*, ___ P.3d ___,
  2006 WL 1382077 (Wash. Ct. App. May 22, 2006) ......................................................... 6

*Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553,
  825 P.2d 714 (1992) ...................................................................................................... 10

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - ii
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

**STATUTES**

RCW 19.86.010 .................................................................................................................. 6

RCW 19.86.070 .................................................................................................................. 5

RCW 19.86.090 .................................................................................................................. 6

**RULES**

Fed. R. Civ. P. 56(c) .......................................................................................................... 4

**OTHER AUTHORITIES**

Washington Pattern Jury Instructions, WPI 310.04 ......................................................... 8

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - iii
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

# I. INTRODUCTION

For the past four years, Ironwood has engaged in a comprehensive course of unfair and deceptive practices that deprive its employees of hard-earned pay. Ironwood's wage abuse scheme occurs in the course of its business and has impacted hundreds of current and former employees all across Washington State. Ironwood's conduct includes (1) knowingly depriving employees of rest and meal breaks; (2) failing to pay employees for all hours worked; (3) making improper deductions from wages for uniform and tool expenses; and (4) reducing or eliminating piecework rates without notice.

Ironwood argues that its wage abuse scheme is not subject to Washington's Consumer Protection Act ("CPA"). Ironwood is wrong. Washington courts have not exempted deceptive practices that arise in the employment context from the CPA; in fact, Washington courts have expressly rejected Ironwood's argument that the CPA's "labor exemption" precludes prosecution of employment claims under the CPA. Ironwood also challenges two elements of the CPA: the "unfair or deceptive act or practice" element and the "public interest impact" element. Plaintiffs have not only adduced sufficient common evidence to survive summary judgment, but their evidence demonstrates that they have a high likelihood of prevailing on these class-wide issues at trial.

Plaintiffs have provided ample proof that Ironwood engages in acts and practices that are not only deceptive and unfair, but also have "the potential to deceive a substantial portion of the public." Ironwood's conduct is not isolated to a few employees. To the contrary, the evidence gathered so far establishes that Ironwood's unfair and deceptive acts and practices occurred at each of Ironwood's four jobsites and impacted hundreds of employees. For these reasons, Plaintiffs request that this Court deny Defendant's Motion for Partial Summary Judgment.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 1
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

## II.  FACTUAL STATEMENT

**A.  Ironwood Engages in a Common Course of Unfair and Deceptive Wage and Hour Abuse**

Ironwood engages in a common course of unfair and deceptive wage and hour abuse against hourly paid employees in the state of Washington.  In its employee handbook, Ironwood promises to pay its hourly employees for "all overtime hours worked in accordance with state and federal law."  *See* Supp. Ex. A.[1]  Yet, Ironwood's management frequently instructs technicians not to record all of the hours they worked, and alters time records to cut back or shave off employee hours.  Hartz Decl. ¶ 4; Barrio Decl. ¶ 3; Dreke Decl. ¶ 6; Bewick Decl. ¶ 4; Emerson Decl. ¶¶ 3, 5; Hall Decl. ¶ 4; McCarthy Decl. ¶ 3; Ex. 17; Ex. 1 at 216:17–18, 226:20–23; Ex. 11 at 36:1–8, 38:5–9, 47:7–8; Ex. 12 at 129:17–19; McCoy Decl. ¶ 4.  Ex. 22 (week-ending April 30, 2005); Ex. 23 at ICI/REP 18792, 18814–17, 18819, 18824; Ex. 24; Ex. 25.  As a result, Plaintiffs and technicians from every site in Washington have worked more hours than they were paid for by Ironwood.  *See* Barrio Decl. ¶ 3; Bewick Decl. ¶ 4; McCarthy Decl. ¶ 3; Emerson Decl. ¶ 3; Hall Decl. ¶ 4; Hartz Decl. ¶ 7; Dreke Decl. ¶ 8; McCoy Decl. ¶ 4 (stating "[Ironwood's] conditions forced me to work more hours than I recorded on my timesheet").

Furthermore, Ironwood's common course of wage and hour abuse includes routinely failing to provide hourly paid employees with rest and meal breaks as required by law.  *See* Ex. 1 at 67:8–18, 221:22–25; Ex. 11 at 155:1–21; Ex. 12 at 177:19 – 179:23, 184:7–12; Barrio Decl. ¶¶ 4, 8 (Vancouver); Hall Decl. ¶¶ 5–6 (Spokane); Lee Decl. ¶ 19 (Lynnwood); McCoy Decl. ¶¶ 9, 11 (Spokane); McCarthy Decl. ¶¶ 4, 6 (Tumwater); Bewick Decl. ¶¶ 5, 7 (Spokane); Hartz Decl. ¶ 19 (Lynnwood); Imbler Decl. ¶ 11 (Tumwater); Emerson Decl. ¶¶ 4, 9 (Vancouver and Spokane); Parkinson Decl. ¶ 9; Dreke Decl. ¶ 12; *see also* Hartz Decl. ¶ 12.  In

---

[1] For the sake of economy, Plaintiffs will rely as much as possible on the declarations and exhibits submitted with Plaintiffs' Motion for Class Certification.  Such exhibits are identified in this brief by the designation "Ex." and are attached to the Declaration of Toby J. Marshall in Support of Plaintiffs' Motion for Class Certification.  Additional exhibits are identified by the designation "Supp. Ex." and are attached to the Declaration of Jennifer Rust Murray in Support of Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 2
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

fact, Ironwood requires employees to write down meal breaks even when they do not take them. Lee Decl. ¶ 18; Ex. 12 at 177:23 – 178:4; Ex. 1 at 66:12–15, 129:11–18; Ex. 11 at 214:21–25; Barrio Decl. ¶ 4; Hall Decl ¶ 5; McCarthy Decl. ¶ 4; Hartz Decl. ¶ 10; Emerson ¶¶ 4, 5; Bewick Decl. ¶ 5; Dreke Decl. ¶ 13; Parkinson Decl. ¶ 9; McCoy Decl. ¶ 5; Imbler Decl. ¶ 11. Mike Lee, who worked as both a technician and site manager in Lynnwood from July 2002 to July 2005, says the rule was in place the entire time and came from "corporate headquarters." Lee Decl. ¶ 18; *see also* McCoy Decl. ¶ 5.

Ironwood also makes deductions from wages for uniform and tool expenses. Prior to April 2005, Ironwood deducted expenses from the pay of Plaintiffs Kirkpatrick and Clark and numerous other employees for the professional cleaning and rental of these uniforms. Ex. 35; Ex. 36; Ex. 9; Imbler Decl. ¶ 14; Hartz Decl. ¶ 16; Barrio Decl. ¶ 9; Emerson Decl. ¶ 10. These deductions amounted to hundreds of dollars per employee per year. *See* Ex. 35; Ex. 36. In addition to uniform expenses, Ironwood deducted expenses for tools from the wages of Plaintiffs and other technicians at a minimum markup of fifteen percent above Ironwood's costs. Ex. 35; Ex. 36; Ex. 41; Ex. 9; Ex. 43; Hartz Decl. ¶ 17. Sometimes, the deductions amounted to more than $1,000 per employee. Ex. 45; McCoy Decl. ¶ 14. Between June 2002 and March 2005, the total amount of uniform and tool deductions that Ironwood made to employee wages was $284,243.36. Ex. 44.

B.   **Ironwood Engages in Deceptive Pay Practices**

In addition to the wage and hour violations discussed above, Ironwood's pay practices are deceptive. Ironwood frequently reduces or eliminates piecework rates without notice. Hartz Decl. ¶ 15; *see also* Dreke Decl. ¶ 17; Ex. 11 at 20:20 – 21:4; Lee Decl. ¶ 23; McCoy Decl. ¶ 16; Emerson Decl. ¶ 14; Hall Decl. ¶ 8; McCarthy Decl. ¶¶ 8–9.[2] And technicians often do not get paid for piecework they complete. Ex. 54 at IRON 182387; *see also* Ex. 48 (listing jobs for which technician was not paid).

---

[2] For a detailed discussion of Ironwood's deceptive piecework rate practices, see Plaintiffs' Motion for Class Certification, Section II.C.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 3
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Ironwood thus fails to pay employees for all hours worked in a number of ways. When employees confront Ironwood with its failure to pay wages, Ironwood engages in an unfair pattern of obfuscation, denial, and delay. As site coordinator Kerri Dreke has testified, employees "got the runaround with 'other essential pay,' which is pay that is promised for a variety of work other than piecework." Dreke Decl. ¶¶ 2, 18; *see also* McCarthy Decl. ¶¶ 9–10 (was not paid as promised); Ex. 21 (complaint of "not being compensated correctly"); Barrio Decl. ¶ 12 ("did not receive the per diems" he was "promised"); Ex. 11 at 20:12–14, 212:4–11 (failure to pay for phone line work). As technician Monta Imbler states, "[W]e were always told, 'We'll check on it and get back to you,' but no one ever did." Imbler Decl. ¶ 15.

### C. Ironwood Recruits Employees from Washington's General Labor Market

Ironwood recruits employees from Washington's general labor market by advertising its employment opportunities in newspapers, on its own corporate website and through other recruitment websites. *See* Def.'s Br. at 3 (newspaper advertisements); Supp. Ex. B; Supp. Ex. C; Supp. Ex. D; Supp. Ex. E.

### III. AUTHORITY

#### A. Standard of Review

A motion for summary judgment may only be granted if all the papers submitted "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (holding that even where non-movant fails to oppose summary judgment, movant's papers must show the absence of a genuine issue of material fact).

Ironwood, as the moving party, bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Ironwood's obligation encompasses both a burden of production and a burden of persuasion. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). With respect to the burden of production, Ironwood "must either produce evidence

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 4
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

negating an essential element of [Plaintiffs'] claim[s] or defense[s] or show that [Plaintiffs] do[] not have enough evidence of an essential element to carry [their] ultimate burden of persuasion at trial." *Id*. With respect to the burden of persuasion, Ironwood "must persuade the [C]ourt that there is no genuine issue of material fact." *Id*.

If Ironwood fails to carry its initial burden of production, Plaintiffs have "no obligation to produce anything," regardless of the fact that Plaintiffs have the ultimate burden of persuasion at trial. *Id*. at 1102-03 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)). If Ironwood does meet its burden, Plaintiffs need only demonstrate that a genuine issue of material fact exists. *Nissan Fire & Marine*, 210 F.3d at 1103.

All evidence before the Court and all reasonable inferences drawn therefrom must be viewed in a light most favorable to Plaintiffs. *Jones v. Union Pac. Ry. Co.*, 968 F.2d 937, 940 (9th Cir. 1992); *United States v. $69,292.00 in U.S. Currency*, 62 F.3d 1161, 1166 (9th Cir. 1995). "Even when the evidentiary facts are undisputed, summary judgment should not be granted where contradictory inferences may be drawn from those facts." *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936, United Bhd. of Carpenters and Joiners of Am.*, 680 F.2d 594, 598 (9th Cir. 1982).

**B.   Ironwood's Common Course of Wage Abuse Violates the Washington State Consumer Protection Act**

   1.   <u>Ironwood's Wage Abuse Scheme Is Not Exempt from the CPA</u>

Citing RCW 19.86.070, Ironwood maintains that the CPA expressly excludes wage disputes. This section of the CPA, however, merely exempts labor and union activities from the state's antitrust laws. *See Ernst Home Ctr., Inc. v. United Food and Comm. Workers Int'l Union*, AFL-CIO, Local 1001, 77 Wn. App. 33, 46-47, 888 P.2d 1196 (1995). Furthermore, in *Bruce v. Northwest Metal Prods. Co.*, 79 Wn. App. 505, 903 P.2d 506 (1995), the Washington Court of Appeals specifically stated that while an employee may not prove a per se violation of the CPA via the employment discrimination statute, "[the] employee could still attempt to

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 5
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

prove the elements of a non-per se violation . . . ." 79 Wn. App. at 517. Thus, the court made it clear that employees may sustain CPA actions against their employers.

The holding in *Bruce* reflects the broad applicability of the CPA, which creates a private right of action for "any person who is injured in his or her business or property . . . ." RCW 19.86.090. The Legislature has broadly defined "person" to include all "natural persons, corporations, trusts, unincorporated associations and partnerships." RCW 19.86.010(1). Thus, "[t]he CPA, on its face, shows a carefully drafted attempt to bring within its reaches every person who conducts unfair or deceptive acts or practices in *any* trade or commerce." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787, 719 P.2d 531 (1986) (emphasis in original). Simply put, Ironwood's (mis)conduct is not exempt from the CPA. *See Barnett v. Wal-Mart Stores, Inc.*, King County Superior Court Cause No. 01-2-24553-8, at *10 (Wash. Nov. 29, 2004) (certifying CPA claims in class action brought on behalf of over 40,000 employees), attached as Ex. 57.

    2.    Defendants Have Failed to Establish That Plaintiffs' CPA Claims Should be Dismissed as a Matter of Law

To prevail on their CPA claim, Plaintiffs must demonstrate five elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) a public interest impact, (4) injury to plaintiff in her business or property, and (5) causation. *Hangman Ridge*, 105 Wn.2d at 780. Ironwood challenges only the first and third elements.

    a.    Material Issues of Fact Exist Regarding Whether Ironwood's Acts and Practices are Unfair or Deceptive

To satisfy the first element of a CPA claim, "a plaintiff need not show that the act in question was *intended* to deceive, but that the act had the *capacity* to deceive a substantial portion of the public." *Id.* at 785 (emphasis in original). The purpose of the capacity-to-deceive test is "to deter deceptive conduct *before* injury occurs." *Id.* (emphasis in original). Whether Ironwood's conduct meets the "capacity to deceive" standard is a question of fact. *Holiday Resort Community Assoc. v. Echo Lake Assoc., LLC*, ___ P.3d ___, 2006 WL

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 6
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1382077, at *8 (Wash. Ct. App. May 22, 2006). The record is replete with evidence that Ironwood violates the CPA by denying employees rest and meal breaks, by deducting expenses for tools and uniforms, and by changing piecework rates without notice. *See* Pls.' Mtn. for Class Cert., Section II. Further, Ironwood's employee handbook expressly promises to compensate hourly employees for all overtime hours worked, yet Ironwood routinely fails to pay overtime and has even altered time records in order to avoid paying employees. *See* Section II.A, *supra*. These unfair and deceptive practices have occurred at all four of Ironwood's Washington sites, have affected hundreds of current and former employees, and have the capacity to affect hundreds, if not thousands, of future Ironwood workers in Washington. *See* Pls.' Mtn. for Class Cert., Section II.

Ironwood contends, however, that Plaintiffs fail to show Ironwood engaged in deceptive acts and practices. Ironwood relies exclusively on *Segal Co. v. Amazon.com*, 280 F. Supp. 2d 1229, 1233 (W.D. Wa. 2003). In *Segal*, the court held that the defendant's failure to pay the plaintiffs for stock-option valuation and preparation of employee compensation proposals did not result in a CPA violation because the plaintiffs could not show the defendant's actions "had the capacity to deceive a *substantial portion* of the *public*." *Segal*, 280 F. Supp. 2d at 1232 (emphasis in original). The court in *Segal* emphasized that the deceptive act at issue involved an alleged breach of a single contract between the defendant and one of the plaintiffs. *Id.* at 1232-33. And the plaintiffs in that case provided no proof that the defendant had ever contacted members of the public or executed similar contracts with *any* other party. *Id.* at 1233. Thus, the court found the alleged conduct to be an "isolated incident." *Id.* at 1234.

The *Segal* court's holding is easily distinguishable from the facts presented here. Plaintiffs have presented substantial evidence — in the form of affidavits, internal documents, and deposition testimony — that Ironwood's unfair and deceptive practices extend to hundreds of Ironwood employees at all of its jobsites. Plaintiffs' allegations paint a picture of a

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 7
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

widespread business practice that has affected and continues to affect hundreds of Ironwood employees; it is simply not the type of "isolated incident" at issue in *Segal*.

To the extent Ironwood argues that Plaintiffs must demonstrate that Ironwood reached out to the general public in order to violate the CPA, Plaintiffs also satisfy that requirement. Ironwood recruits its employees from the general labor market and thus exposes a substantial number of Washington job seekers to its unfair and deceptive acts and employment practices should they decide to work for Ironwood. *See* Supp. Exs. B–E. Ultimately, however, Ironwood appears to misunderstand either Plaintiffs' claims or the elements of the CPA. Plaintiffs do not — and need not — allege or prove that Ironwood's deceptive conduct occurred while recruiting employees. It is Ironwood's scheme of wage abuse that has the capacity to deceive a substantial portion of the public, not the manner in which Ironwood recruits or hires its employees. Given the substantial evidence presented at this early stage of the proceeding regarding the extent and magnitude of Ironwood's wage abuse scheme, summary judgment is not appropriate.

        b.    Material Issues of Fact Exist Regarding Whether Ironwood's Wage and Hour Practices Impact the Public Interest

Ironwood argues the public interest element of the CPA is not met on the ground that Plaintiffs' claims concern a private dispute rather than multiple transactions impacting the public interest. This assertion is wrong both legally and factually. A private dispute "involves a breach of a private contract affecting no one but the parties to the contract." *Hangman Ridge*, 105 Wn.2d at 790. By inference, an alleged practice is not a private dispute and impacts the public interest when the defendant is engaged in a high volume of transactions. *See* Comment to Washington Pattern Jury Instructions, WPI 310.04. Here, the evidence shows that Ironwood's conduct affects hundreds of current and former employees.

In the consumer context, courts consider the following facts when determining whether a deceptive act or practice impacts the public interest: (1) Were the alleged acts committed in

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 8
CASE NO. 05-01428 JLR
4264/001/193191.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it? *Hangman Ridge*, 105 Wn.2d at 790.

Plaintiffs have presented substantial evidence that Ironwood's wage and hour abuse occurred in the course of its business. For example, Ironwood denied employees rest and meal breaks at all four Washington locations. *See* Section I, *supra*. In addition, the "company rule" at Ironwood was that hourly employees had to write down a meal break even if they did not take one. *Id*. Perhaps most egregiously, Ironwood requires employees to underreport the amount of hours that they work. *Id*. Finally, Plaintiffs have submitted substantial evidence showing that Ironwood's uniform and tool deduction policies as well as its piecework pay system were implemented on a corporate-wide basis. *Id*. Because Ironwood's systematic abuse of wage and hour laws occurred in the course of its business and at the direction of corporate managers, it is highly likely that this conduct will occur again.

Even if Ironwood is correct, however, and its wage abuse scheme is subject to the "private dispute" prong of the public interest impact test, Plaintiffs also easily satisfy that test. As the Washington Supreme Court held twenty years ago, "it is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge*, 105 Wn.2d at 790.

Ironwood seizes on one of several factors that the Supreme Court suggested be considered when a court is evaluating whether a private dispute impacts the public interest: whether any solicitation occurred. Ironwood's reliance on the "solicitation element" is misplaced. Not only do Plaintiffs' allegations meet all of the other factors set forth in *Hangman Ridge*, but Ironwood *did* solicit (or recruit) employees. *See* Supp. Exs. B–E.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 9
CASE No. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

Moreover, there is *no requirement* that Plaintiffs allege or prove that the solicitation was deceptive in order to meet the public interest impact test. Ironwood confuses the separate and distinct elements of "deceptive act or practice" and "public interest impact."

When evaluating whether a private dispute has a public impact, the Washington Supreme Court suggests that courts look at the following factors: "(1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?" *Id*. at 790–91. However, not all factors must be present to find a public interest impact. *Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 562, 825 P.2d 714 (1992). The absence of any one particular factor, such as solicitation, does not defeat a CPA claim.

"Whether the public interest element has been demonstrated is an issue for the trier of fact." *Id*. Where a defendant engages in the same unfair practice "dozens, perhaps hundreds" of times, an impact on the public interest is "obviously" demonstrated. *Edmonds v. John L. Scott Real Estate*, Inc., 87 Wn. App. 834, 847, 942 P.2d 1072 (1997). Here, given the evidence produced by Plaintiffs, issues of fact exist with regard to this element. Indeed, the facts actually demonstrate that Plaintiffs will be able to establish this element — based on class-wide evidence — at trial. Ironwood's practice of wage abuse occurs in the course of its business. Ironwood advertises its career opportunities to the public through its own web-site and through large agencies, including jobster.com. Ironwood employs hundreds of workers in the state of Washington, and many more residents are former employees of Ironwood. Plaintiffs and Ironwood were not in equal bargaining positions. Finally, Ironwood's acts and practices have affected and continue to affect hourly-paid employees at all of Ironwood's jobsites. Thus, the likelihood that additional individuals have been or will be injured in the same fashion is great.

This case is distinguishable from both *Hangman Ridge* and *Segal*, the only two cases relied upon by Ironwood. In those cases, the courts found *no evidence* that the alleged

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 10
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

deceptive acts extended beyond a single, private transaction or contract. *See Hangman Ridge*, 105 Wn.2d at 794; *Segal Co.*, 280 F. Supp.2d at 1233. Here, Ironwood's unfair and deceptive practices occurred repeatedly at all of its Washington jobsites. *See* Barrio Decl. ¶3 (Vancouver); Hall Decl. ¶4 (Spokane); McCarthy Decl. ¶3 (Tumwater); Hartz Decl. ¶4 (Lynwood). Moreover, Ironwood's practices have the potential to deceive many more people because Ironwood recruits employees from Washington's broad labor market. See Supp. Exs. B–E. Ironwood's unfair and deceptive practices thus have the potential to affect far more than the named plaintiffs. Indeed, hundreds of employees have already been injured by Ironwood's actions, as have Ironwood's competitors. *See Barnett*, *supra*, at *10 (holding widespread wage and hour violations "demonstrate a significant impact on commerce and the public interest because [the employer] will have received services from employees for which it was not paying, unlike [its] competitors"). This evidence shows that even if the Court were to apply the "private transaction" prong of the public interest test, the Court would find that Ironwood's misconduct impacts the public interest and violates the CPA.

## IV. CONCLUSION

Plaintiffs have offered substantial evidence proving that Ironwood's common course of wage and hour abuse violates the CPA. Ironwood unfairly deprives its employees of money that they earned and through its pay practices deceptively leads them to believe they will earn more than they actually do. These acts and practices have the capacity to deceive a substantial portion of the public and impact the public interest because they occur at all of Ironwood's sites and affect all its employees as well as those future employees Ironwood will recruit through widely disseminated websites. For these reasons, Ironwood's motion should be denied.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 11
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1  DATED this 30th day of May, 2006.

2          TOUSLEY BRAIN STEPHENS PLLC

4       By:   /s/ Beth E. Terrell, WSBA #26759
       Beth E. Terrell, WSBA #26759
       bterrell@tousley.com
       Toby J. Marshall, WSBA #32726
       tmarshall@tousley.com
       1700 Seventh Avenue, Suite 2200
       Seattle, Washington  98101-1332
       Telephone:  206.682.5600

       Jon W. MacLeod, WSBA #8491
       jwm@jwmacleodlaw.com
       MACLEOD LLC
       1700 Seventh Avenue, Suite 2600
       Seattle, Washington  98101
       Telephone:  206.357.8470

       *Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 12
CASE NO. 05-01428 JLR
4264/001/193191.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Leigh Ann Tift, WSBA #11776
> LITTLER MENDELSON P.C.
> 701 Fifth Avenue, Suite 6500
> Seattle, Washington  98104-7097
> Telephone:  206.623.3300
> E-Mail:  ltift@littler.com
>
> James J. Oh
> LITTLER MENDELSON P.C.
> 200 North LaSalle Street, Suite 2900
> Chicago, Illinois  60601-1014
> Telephone:  312.372.5520
> E-Mail:  joh@littler.com

*Attorneys for Defendant*

and to the following by the means indicated:

> Jon W. MacLeod, WSBA #8491
> MACLEOD LLC
> 1700 Seventh Avenue, Suite 2600
> Seattle, Washington  98101
> Telephone:  206.357.8470
> E-Mail:  jwm@jwmacleodlaw.com    *Via U.S. Mail, Postage Prepaid*

*Attorneys for Plaintiffs*

TOUSLEY BRAIN STEPHENS PLLC


By:      /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
bterrell@tousley.com
Toby J. Marshall, WSBA #32726
tmarshall@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
Telephone:  206.682.5600

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 13
CASE NO. 05-01428 JLR
4264/001/193191.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3

Jon W. MacLeod
jwm@jwmacleodlaw.com
MACLEOD LLC
1700 Seventh Avenue, Suite 2600
Seattle, WA  98101
Telephone:  206.357.8470

4

*Attorneys for Plaintiffs*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT - 14
CASE NO. 05-01428 JLR
4264/001/193191.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101-1332
TEL. 206.682.5600 • FAX 206.682.2992