UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREG KIRKPATRICK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>IRONWOOD COMMUNICATIONS, INC.,<br><br>    Defendant. | CASE NO. C05-1428JLR<br><br>ORDER |

This matter comes before the court on Plaintiffs' motion to amend the court's order on class certification. For the following reasons, the court DENIES the motion (Dkt. # 139). Plaintiffs move to amend the court's order on class certification to include all Ironwood Communications, Inc. ("Ironwood") employees who worked solely out of the Vancouver office. Plaintiffs base their request on a published decision issued last week by Division I of the Washington Court of Appeals, in which the court held that the Washington Minimum Wage Act ("WMWA") applies to work performed outside the State of Washington. See Pls' Supp. at 1 (citing Miller v. Farmer Bros. Co., – P.3d –, 2007 WL 97003 (Wash. Ct. App., January 16, 2007). Plaintiffs contend that the recent Court of Appeals decision confirms that the Ironwood employees working out of the Vancouver office are entitled to recover overtime wages under the WMWA even if they performed some work out-of-state.

ORDER – 1

In the court's November 1, 2006 Order, it excluded the Vancouver employees on the bases that the hours worked by these employees were worked in Oregon and the WMWA only permits recovery for hours worked within Washington. See November 1, 2006 Order at 4 (citing Bostain v. Food Express, Inc., 111 P.3d 906, 910 (Wash. Ct. App. 2005), review granted, 132 P.3d 145 (Wash. 2006)). In Bostain, Division II of the Court of Appeals addressed what was an issue of first impression for the Washington courts: whether the WMWA covered employee hours worked outside the State of Washington. 111 P.3d at 910-11. The Court of Appeals held that it did not. Id. Indeed, the Court of Appeals stated that to find otherwise would be absurd. Id. The plaintiffs in Bostain appealed to the Washington Supreme Court, which has yet to rule on their appeal.

On January 16, 2007, Division I of the Washington Court of Appeals addressed the same question and found that, under the circumstances before it, the WMWA covered hours worked outside the State. See Miller, 2007 WL 97003 at *7. The Miller court noted that the Bostain court went too far in its holding and that it should have limited its holding to truck and bus drivers. Id. Notably, the Miller court relied on the *absence* of authority in ruling that hours worked outside the state are covered by the WMWA. Id. ("[Defendant] cites no support for the argument that the three employees who worked out-of-state hours should get no overtime pay for those hours whatsoever. In the absence of argument and evidence that another overtime provision applies, the trial court's ruling that overtime should be paid under the [WMWA] is proper."). The Miller court limited the holding in Bostain to truck and bus drivers, but did not hold that the WMWA applies to hours worked outside the State no matter the situation. Id. It merely held that, absent evidence that another wage and hour law applied to the plaintiffs, who performed work out of the State, the trial court's application of the MWWA to these employees was proper.

ORDER – 2

In the absence of controlling authority from Washington's highest court, the court follows the decisions of Washington's intermediate appellate courts unless there is "convincing evidence" that the highest court would decide the issue differently. In re Kirkland, 915 F.2d 1236, 1238 (9th Cir. 1990) (quoting Stoner v. New York Life Ins. Co., 311 U.S. 464, 467 (1940). Here, the court concludes that, although the Miller court permitted the plaintiffs to recover under the WMWA, its analysis does not convince this court that the Washington Supreme Court will decide the issue differently than the Court of Appeals in Bostain. Accordingly, the court follows the holding in Bostain.[1]

The court DENIES Ironwood's motion to amend the court's order on class certification (Dkt. # 139).

Dated this 21st day of February, 2007.

_____
JAMES L. ROBART
United States District Judge

---

[1] Even if the Washington Supreme Court overrules Bostain, by either limiting its application to truck and bus drivers or finding that all Washington employees are covered by the WMWA, even for hours worked outside the State, this court still questions whether the Vancouver employees would be proper members of this class action. Ironwood offers uncontradicted evidence showing that 50% of the Vancouver employees are Oregon residents and, perhaps more importantly, over 70% of the work that is performed by the Vancouver employees is performed in Oregon. Kramer Decl. at ¶ 3-5. Moreover, there are at least 20 employees who work out of the Vancouver office that perform no work in Washington. Id. at ¶ 20. Given that the majority of work performed by the Vancouver employees is performed in Oregon, the court questions whether the application of Oregon wage and hour law to these employees is more appropriate.

ORDER – 3